UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LATEEF GRIMSLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 20-331-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent.[1] | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Lateef Grimsley is presently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Grimsley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking placement in a halfway house for the last twelve months of his sentence. [Record No. 1] Grimsley filed his petition in the United States District Court for the District of New Jersey -- the Court which imposed his criminal sentence. *See United States v. Grimsley*, No. 2: 14-CR-220-MCA-14 (D.N.J. 2014). That Court concluded that Grimsley's petition could only be filed in the district where he was confined and transferred the petition to this Court. [Record No. 3 (citing *Rumsfeld*, 542 U.S. at 443)]. This matter is pending for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

---

[1]   Grimsley named the United States of America as the respondent in this proceeding but the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, therefore, will substitute Francisco Quintana, Warden of the Federal Medical Center, as the respondent in this proceeding.

Grimsley states that he is "seeking the Court's guidance in permitting him the opportunity to seek 12-months Second Chance Act placement, so that Petitioner can take advantage of whatever Community Programs are available." [Record No. 1 at 5] In response to the form petition's queries about the prison's administrative remedy process and his efforts to exhaust it, Grimsley twice stated only "N/A." *Id*. at 6, 7. In a memorandum attached to the petition, Grimsley states that "once confronted with a copy of the statute and BOP Directive, BOP Staff members have chosen to ignore the dictates of Congress to consider" his suitability for halfway house placement. [Record No. 1-1 at 1] Apart from a conclusory assertion that consideration of the pertinent factors set forth in 18 U.S.C. § 3621(b) warrants placement in a halfway house for the full 12-month period permitted by 18 U.S.C. § 3624(c), Grimsley's does not set out any facts or information regarding his underlying offense, his prison disciplinary history, his rehabilitative programming, or other factors pertinent to the Section 3621(b) determination. *See* [Record No. 1-1 at 3]

The Court has thoroughly reviewed Grimsley's petition but concludes that it should be dismissed because it is insufficient in several respects. Grimsley did not pay the required $5.00 filing fee or file a motion to proceed *in forma pauperis*. Further, his petition fails to include sufficient factual detail regarding his claim to satisfy minimum pleading requirements. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions). And a prisoner must exhaust his administrative remedies before filing a habeas corpus petition, *Fazzini v. Northeast Corr. Center*, 473 F.3d 229, 231, 235 (6th Cir. 2006), something Grimsley's petition indicates he did not do.

Those defects could be remedied or excused in this proceeding, but others cannot. Section 3624(c) authorizes the Bureau of Prisons to consider placing an inmate in a halfway house for up to twelve months, but it does not require the BOP to do so even if the factors in Section 3621(b) favor such a placement. *See Heard v. Quintana*, 184 F. Supp. 3d 515, 520-21 (E.D. Ky. 2016) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015) (holding that "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b).") (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

In any event, the BOP's placement decisions under Section 3621(b) are insulated from judicial review by 18 U.S.C. § 3625: "The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Because Grimsley contends only that he is a good candidate for a twelve-month placement in a halfway house, his petition fails to state a viable claim for relief. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [the petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority....").

The Court also lacks subject matter jurisdiction to entertain Grimsley's claim because it is not yet ripe for review. A federal court's jurisdiction is limited by Article III of the Constitution to actual cases and controversies. U.S. CONST. art. III, § 2. The doctrine of ripeness establishes that courts only possess jurisdiction to decide "existing, substantial controversies." *In re Cassim*, 594 F. 3d 432, 437 (6th Cir. 2010). Here, Grimsley claims entitlement to twelve months in a halfway house at the conclusion of his sentence. However, he does not contend that BOP officials refused to consider the Section 3621(b) factors at all, and hence his petition fails to evidence a "controversy" amenable to judicial resolution. *Cf. Specter v. Dir., Fed. Bureau of Prisons*, No. 4:09-cv-191-TLW-TER, 2010 WL 883733, at *5 (D.S.C. Mar. 5, 2010). Further, because Section 3624(c)(1) limits halfway house placements to twelve months, by policy the BOP does not make determinations regarding the length of halfway house placement until 17 to 19 months before the expiration of the prisoner's sentence. *Provenzale v. Farley*, No. 1:11-cv-1318, 2012 WL 1068878, at *3 (N.D. Ohio Mar. 29, 2012). Grimsley is not scheduled for release until October 2022, see https://www.bop.gov/inmateloc/, or twenty-six months from now. Hence the BOP will not even make an initial assessment regarding his halfway house placement until at least March 2021. Thus, Grimsley's petition is premature. *Cf. Franks v. Farley*, No. 4:12-cv-1122, 2012 WL 4760707, at *1-2 (N.D. Ohio Oct. 4, 2012) (holding that where the "Petitioner is seeking an evaluation of whether he is eligible for 12 months placement in a [halfway house]" but "the BOP has yet to refuse such a request or indicate he will be deprived of an evaluation in the future[,]" the petition is not yet ripe and must be dismissed for lack of jurisdiction). Accordingly, it is hereby

**ORDERED** as follows:

1. Warden Francisco Quintana is **SUBSTITUTED** for the United States of America as the sole respondent in this proceeding. The Clerk of the Court is directed to modify the docket accordingly.

2. Grimsley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: August 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky